| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>NORGAARD, O'BOYLE & HANNON<br>184 Grand Avenue<br>Englewood, New Jersey 07631<br>Telephone No. (201) 871-1333<br>Counsel to Chapter 7 Trustee,<br>John M. McDonnell<br>By: John O'Boyle, Esq. (6337)<br>    *joboyle@norgaardfirm.com* | Chapter 7 |
| **In re:**<br><br>**JOHN M. REYNOLDS,**<br><br>                **Debtor.** | Case No. 22-16965 KCF<br><br>Hearing Date: April 11, 2023 |

## CERTIFICATION OF CHAPTER 7 TRUSTEE IN OPPOSITION TO MOTION OF ONSLOW BAY FINANCIAL, LLC FOR RELIEF FROM THE AUTOMATIC STAY AS TO REAL PROPETY

John M. McDonnell, of full age, certifies as follows:

1. I am the duly appointed Trustee in the above-captioned Chapter 7 Case. I make this certification in Opposition to the Motion of Onslow Bay Financial, LLC ("Movant') for Relief from the Automatic Stay as to the Real Property known as 221 Howell Avenue, Spring Lake, NJ (the "Property"). I have personal knowledge of the facts set forth herein.

2. On September 1, 2022, the Debtor John M. Reynolds commenced the above-captioned case by filing a petition for relief under Chapter 11 of the Bankruptcy Code. By order dated February 23, 2023, this Court converted the case to Chapter 7. The following Day, the US Trustee's office appointed me to serve as interim Chapter 7 Trustee. The Meeting of Creditors was conducted on March 8, 2023; no trustee election took place at the meeting,. Since then, I have served as Chapter 7 Trustee pursuant to Bankruptcy Code Sec. 702(d).

3. On his Schedule A/B, the Debtor states that he is the sole owner of the Property, and that the value of the property is $4,500,000.00 (ECF No. 23, p. 6). But immediately after my appointment in this case, I consulted with a real estate broker to ascertain the Property's value. I was informed that if the Property is appropriately marketed, it would likely be sold for more than $7 Million. With this in mind, on March 12, 2023 I applied to this Court for authorization to employ Ruggeri Realty as my realtors in the case. By order dated March 21 2023, this court granted the application (ECF No. 72). Thereafter the realtor arranged to list the Property for sale. The Property is now listed for sale on the Multiple Listing Service for $7.1 Million.

4. On his Schedule D, the Debtor states that 5 mortgages cover the Property. He states that the first is held by Select Portfolio Servicing, and that the amount due is $2,746,957.19. He states that there are two junior mortgages held by The Bancorp Bank, totaling $1,660,887.90, and that there are two junior mortgages held by John Cunningham totaling $1,244,192.20. (*see,* ECF No. 1, pp. 18-19).

5. On his Schedule E/F, the Debtor states that the total of all priority and general unsecured claims against him is less than $220,000.00. (*see,* ECT No. 1, pp. 21-31).

6. On March 21, 2023, Movant filed its motion for relief from the Automatic Stay as to the Property (ECF No. 74). The motion does not include an appraisal or other reliable statement of the Property's value as required by D.N.J. LBR 4001-1(a)(2); instead, Movant simply relies upon the Debtor's schedules in its analysis of the equity in the Property. (See, ECF No. 74-6, Exhibit 1). Also, although Movant asserts that the total amount due on its claim as of January, 26, 2023 was $3,123,450.77, it does not include a statement breaking-down its advances for taxes, insurance and other charges as required by D.N.J. LBR 4001-1(a)(1). Instead Movant simply states that its claim includes unspecified advances in the gross amount of $482,351.91.

7. Even if the court accepts Movant's statement that the amount due on its claim is $3,123,450.77, the $7.1 Million list price for the property indicates that the Property can be sold for a price sufficient to provide a significant distribution to unsecured creditors after full repayment of Movant's claim and all junior mortgages and liens. The following is an analysis of the equity in the Property utilizing the list price as its value:

| | |
|---|---|
| Value of Property | $7,100,000.00 |
| Movant's Mortgage | ($3,123,450.77) |
| Bancorp Mortgages | ($1,660,887.90) |
| Cunningham Mortgages | ($1,244,192.20) |
| NET EQUITY | $1,071,469.13 |

As there appears to be substantial equity in the property that can be liquidated for the benefit of the estate, and as Movant has failed to demonstrate a lack of equity as required by Code Sec. 362(g)(1), I respectfully submit that Movant's motion for relief from the Automatic Stay should be denied.

8. Further, since my appointment as Trustee, I have been in contact with the two holders of the junior mortgages. They have expressed their desire to cooperate with my efforts to sell the property. They indicated that if necessary, they may agree to a reduce the amounts of their Secured Claims to facilitate a swift sale and accommodate a distribution toward unsecured claims. Thus even if the Property was to be sold for a price significantly lower than the present $7.1 Million list price, a distribution toward unsecured claims is possible.

9. The Certification of Service filed with Movant's motion indicates that Movant did not serve it motion upon the holders of the junior mortgages or the holders of the 20 largest unsecured claims against the Debtor. (ECF No. 74-8).

10. As it is likely that I will be able to sell the Property for an amount sufficient to repay Movant in full and make a distribution toward the holders of unsecured claims, I

respectfully submit that Movant's motion should be denied. Movant's failure to notify all interested parties of its motion provides additional reason for the Court to deny the motion.

11. Finally, Movant does not argue that its interest in the property is not adequately protected. As it appears that value of the property provides Movant with a comfortable "equity cushion," I respectfully submit that no other form of adequate protection should be required at this time. Even if the Court accepts Movant's statement that its claim is $3,123,450.77 and the Debtor's statement that the Property has a value of only $4.5 million, Movant would still enjoy an equity cushion of more than $1.3 Million. As my realtor informs that the Property is worth approximately $7 Million, it appears that Movant's equity is more than $3.5 Million.

WHEREFORE, the undersigned respectfully requests this Court to deny Movant's motion for relief from the Automatic Stay as to the Property in its entirety.

I certify that the foregoing statements are true. I am aware the if the foregoing statements are willfully false, I am subject to punishment.

Dated: 4/3/2023                                              */s/ John M. McDonnell*
                                                                          John M. McDonnell
                                                                          Chapter 7 Trustee