UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-1(b)**

NORGAARD, O'BOYLE & HANNON
184 Grand Avenue
Englewood, New Jersey 07631
Telephone No. (201) 871-1333
Counsel to Chapter 7 Trustee
John M. McDonnell
By:  Brian G. Hannon, Esq. *(BH-3645)*
    *bhannon@norgaardfirm.com*
    John O'Boyle, Esq. *(JO-6337)*
    *joboyle@norgaardfirm.com*

**Order Filed on February 1, 2024
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

**In re:**

    **JOHN M. REYNOLDS,**

                  **Debtor.**

Chapter 7

Case No. 22-16965 MBK

Hearing Date:  February 1, 2024

### ORDER AUTHORIZING SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS AND INTERESTS PURSUANT TO BANKRUPTCY CODE SEC. 363(b) and (f); FOR RELIEF FROM THE 14-DAY STAY OF FED. R. BANKR. P. 6004(h); AND FOR ABANDONMENT OF DEBTOR'S PERSONAL PROPERTY

    The relief set forth on the following pages, numbered two (2) through three (3) is hereby ORDERED.

**DATED: February 1, 2024**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

Debtor:  John M. Reynolds
Case No.  22-16965 MBK
Order Authorizing Sale of the Debtor's Real Property Free and Clear of Liens
And Interests Pursuant to Bankruptcy Code Sec. 363(b) and (f); for Relief from the 14-Day Stay of Fed. R. Bankr. P. 6004(h); and for Abandonment of Debtor's Personal Property
_____

THIS MATTER has come to the attention of the Court upon the motion of John M. McDonnell, the duly appointed Chapter 7 Trustee in the above-captioned case, for an order authorizing the sale of the real property known as 221 Howell Ave., Spring Lake, NJ (a/k/a Block 46, Lot 10 on the tax map of Spring Lake Borough, NJ) (the "Property"), for relief from the 14-day stay of Fed. R. Bankr. P. 6004(h); and for abandonment of the personal property located on the Property.  Notice of the motion and hearing has been provided to all creditors and parties-in-interest.  The Court has considered all objections to the motion and any competing offers to purchase the Property raised at or prior to the hearing.  The Court finds good cause to make the following order.

IT IS ORDERED as follows:

1. Pursuant to Bankruptcy Code Sec. 363(b), (f) and (m), the Trustee is authorized to contract to sell the Property to John Cunningham or is Assignee pursuant to the terms and conditions of the Contract attached to the Application in support of the Trustee's motion.

2. Pursuant to Bankruptcy Code Sec. 363(f), the sale of the Property shall be free and clear of all liens, claims, encumbrances, and interests of any kind or nature, whether arising before or after the commencement of this case, and whether imposed by agreement, understanding, law, equity, or otherwise.

3. Pursuant to Bankruptcy Code Secs. 363(f) and 724(b), the sale of the Property shall be free and clear of any tax lien covering the Property, and any valid tax lien shall be subordinated to allowed priority claims as set forth in Code Sec. 724(b)(2).

4. The sale of the Property authorized herein is an arms-length transaction, and the purchaser John Cunningham is deemed to be a "good faith purchaser" entitled to the protections of Bankruptcy Code Sec. 363(m).

5. The sales of the Property authorized herein is made by a Trustee in Bankruptcy, and is therefore exempt from any realty transfer tax under N.J.S.A. 46:15-5 et seq. and the Bulk Sales Act.

6. The fourteen-day stay provisions of Fed. R. Bankr. P. 6004(h) are hereby waived.

7. The Trustee and the Purchaser are authorized to execute all contracts, agreements, amendments, deeds, and/or other documents and to take such other actions that may be necessary to fulfill the terms and provisions of the sale.

8. The failure specifically to include any particular provision of the Contract of Sale of Real Estate and/or Rider thereto shall not diminish or impair the efficacy of such provision, it being the intent of the Court that the Contract of Sale entered into between the Trustee and the Buyer be approved in its entirety.

9. Pursuant to Bankruptcy Code Sec. 554(a), effective as of the entry of this order, all personal property located on the real Property to be sold pursuant to this order shall be deemed abandoned.

10. This Court shall retain jurisdiction to interpret, implement and/or enforce this order.