UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-1(b)**

NORGAARD, O'BOYLE & HANNON
184 Grand Avenue
Englewood, New Jersey 07631
Telephone No. (201) 871-1333
Counsel to Chapter 7 Trustee
John M. McDonnell
By: Brian G. Hannon, Esq. *(BH-3645)*
    bhannon@norgaardfirm.com
    John O'Boyle, Esq. *(JO-6337)*
    joboyle@norgaardfirm.com

Order Filed on February 13, 2024
by Clerk
U.S. Bankruptcy Court
District of New Jersey

Chapter 7

**In re:**          Case No. 22-16965 MBK

   **JOHN M. REYNOLDS,**

                 **Debtor.**

### ORDER COMPELLING DEBTOR AND SPOUSE TO TURNOVER POSSESSION OF REAL PROPERTY PURSUANT TO BANKRUPTCY CODE SEC. 542(a) AND GRANTING RELATED RELIEF

The relief set forth on the following pages, numbered two (2) through three (3) is hereby ORDERED.

**DATED: February 13, 2024**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

Debtor:  John M. Reynolds
Case No.  22-16965 MBK
Order Compelling Debtor and Spouse to Turnover Possession of Real Property
Pursuant to Bankruptcy Code Sec. 542(a) and Granting Related Relief
_____

THIS MATTER has come to the attention of the Court upon the motion of John M. McDonnell (the "Trustee"), the duly appointed Chapter 7 Trustee in the above-captioned case, for an order compelling the Debtor and his spouse Jennifer C. Reynolds to turnover possession of the real property known as 221 Howell Ave., Spring Lake, NJ (the "Property") pursuant to Bankruptcy Code Sec. 542(a).  Notice of the motion and hearing has been provided to the Debtor, his counsel and Mrs. Reynolds.  The Court has considered all objections to the motion.  The Court finds good cause to make the following order.

IT IS ORDERED as follows:

1. The Debtor and Jennifer C. Reynolds are hereby ordered to vacate the Property surrender possession of the Property to the Trustee on or before February 12, 2024.

2. In the event that the Debtor or Mrs. Reynolds fail to vacate the Property and surrender possession of the Property by February 12, 2024, the Trustee is authorized, in his sole discretion and under the supervision and with the assistance of the United States Marshall, to take all necessary steps to take possession of the Property, including breaking open the premises and evicting all persons located within the premises, including the Debtor, Mrs. Reynolds, and other occupants or visitors.

3. In the event that the Debtor or Mrs. Reynolds fail to vacate the Property and surrender possession of the Property by February 12, 2024, this order shall serve as a writ directing the US Marshall or other appropriate authority to evict the Debtor, Mrs. Reynolds and from the Property.  Anyone interfering with the eviction undertaken pursuant to this Order shall be subject to arrest by the U.S. Marshall and/or his representative.

4. In the event that the Debtor or Mrs. Reynolds fail to vacate the Property and surrender possession of the Property by February 12, 2024, the Debtor and Mrs. Reynolds shall be required to pay and reimburse all costs and expenses incurred by the Trustee (including any fees and expenses required by the US Marshall or other evicting authority).

5. In the event that the Debtor or Mrs. Reynolds fail to vacate the Property or surrender possession of the Property by February 12, 2024, the Debtor and Mrs. Reynolds shall be in contempt of this order, and the Trustee shall be permitted to seek this court's imposition of appropriate sanctions against them.

6. This Court shall retain jurisdiction to interpret, implement and/or enforce this order.